UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-00599 (RBW) |
| | : | |
| DONNIE DUANE WREN, and | : | |
| THOMAS HARLEN SMITH | : | |
| Defendant. | : | |

GOVERNMENT'S RESPONSE TO
DEFENDANTS' MOTION TO CONTINUE TRIAL DATE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendants Wren and Smith in their Motion to Continue Trial and Exclude Time Under the Speedy Trial Act. Defendants argue that an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv) because the House Speaker announced that lawyers representing defendants facing charges stemming from the events at the Capitol on January 6, 2021 would be granted access to previously undisclosed United States Capitol Security footage. (ECF No. 86, at 1-2.) In doing so, Defendants demand that the trial be postponed indefinitely while a third party grants access to evidence that is likely immaterial, outside the government's possession, and/or already provided in discovery. Accordingly, their motion should be denied.

As Defendants acknowledge, "[n]either of the parties in this matter knows the full content of the material," (ECF No. 86, at 1) and while some of the footage may be from various of the hundreds of cameras on Capitol Grounds on January 6, 2021, the request to gain access to the entirety of the footage from all locations that day is most certainly a fishing expedition.

The Defendants suggest that a continuance is necessary to allow the defense time to review any surveillance footage that they may not have had access to, or that may later be released. But

1

this argument does not warrant a continuance at this stage. The United States does not know the extent of any material that a member of the legislative branch purportedly provided to other individuals. Nor does it know whether these materials may ever be provided to individual defendants by a third party, including members of the legislature. Indeed, the Defendants cite a single article, quoting Rep. Barry Loudermilk who suggested "hopefully we'll have things next week to where people can request [access]," but that article was published on February 28, 2023—now just shy of a month ago. "House Republicans plan to give Jan. 6 defendants access to security footage," THE HILL.com, https://thehill.com/homenews/house/3878305-house-republicans-plan-to-give-jan-6-defendants-access-to-security-footage/ (Feb. 28, 2023). There is no indication of imminent, or even sure, third-party disclosure by legislative members.

This Court should not commit to an indefinite trial extension for these Defendants, nor for any defendant, based on the unsupported claim that pertinent information may exist somewhere but is not currently known to either the prosecution or the defense. Chief Judge Howell identified this argument's fallacy when considering a similar motion in the context of the January 6 House Select Committee: "Taken to its logical endpoint, defendant's argument would preclude nearly *any* criminal trial on *any* subject, *ever*, from proceeding, as it is *always* possible that relevant information exists somewhere that is not fully known by or in the possession of the parties." *United States v. Anthony Williams*, 21-cr-377, ECF No. 108, at 5-6.

The United States has provided voluminous discovery in this case. In addition to the case-specific discovery that has been provided to the Defendants, as of January 24, 2023, over 4.89 million files (7.23 terabytes of information) have been provided to the defense Relativity workspace. These files include (but are not limited to) the results of searches of 750 digital devices and 409 Stored Communications Act accounts; 4,500 FBI FD-302s and related

2

attachments (FD-302s generally consist of memoranda of interviews and other investigative steps); 352 digital recordings of subject interviews; and 129,021 (redacted or anonymous) tips. Over 30,000 files that include body-worn and hand-held camera footage from five law enforcement agencies and surveillance-camera footage from three law enforcement agencies have been shared to the defense evidence.com video repositories. For context, the files provided amount to over nine terabytes of information and would take at least 361 days to view continuously. *All* of this information is, and has been, accessible to the defense.

Defendants Wren and Smith have had access to this material to determine whether there is any information relevant to their defense, or if there exists any related material pertinent to the supposed gaps of coverage that the Defendants suggest may be relevant to his case. Moreover, the Defendants have access to maps showing the location of CCTV cameras, and have access to footage from those cameras, but have not requested the release of any specific camera locations and footage beyond what the government has provided. Subject to some exclusions such as evacuation footage and cameras depicting certain sensitive areas, the Defendants, like all January 6 defendants, have had access to all exterior USCP camera footage as well as all interior Capitol and CVC footage from January 6, 2021, from noon to 8 p.m. For case specific discovery, with respect to CCTV, the government has made available 11 specific camera locations amounting to approximately 162 minutes of CCTV. As far as the United States is aware, this includes all relevant videos for the duration of the Defendants' time on Capitol grounds. The United States understands that the additional hours of footage referenced by media outlets likely include other areas of the Capitol grounds and/or videos from days other than January 6, 2021.

Moreover, the government already has provided defendants Wren and Smith with CCTV footage and third-party video footage capturing their movements outside the Capitol. In arguing

about "gaps in the footage" (ECF No. 86 ¶ 5), the defendants do not identify where such gaps are, what might be happening during those gaps, or how new coverage might reveal exculpatory information. Instead, the Defendants offer only speculation that some other video surveillance footage, which was not provided to them in discovery, will bear, in a material way, on this case and their conduct.

The Defendants acknowledge that the government has not had the opportunity to compare the files described by Speaker McCarthy with those previously disclosed. (ECF 86, at 1.) But the Defendants suggestion that they face prejudice due to the potential existence of additional information is unfounded. The Defendants did not provide any authority to suggest that the mere existence of a third-party having access to relevant information would necessitate the continuance of January 6-related criminal proceedings.

As Chief Judge Howell noted, the Government's discovery obligations in a criminal case are properly limited to materials that are potentially relevant to a defendant's case in the government's possession or control, and the government is not obliged to acquire materials possessed or controlled by others. *See United States v. Anthony Williams*, 21-cr-377, ECF No. 108, at 6 (citing *United States v. Meija*, 488 F.3d 436, 444-45 (D.C. Cir. 2006) (rejecting defense argument that government's discovery obligations extended to securing potentially relevant material held by a foreign government)); *United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998) (observing that "the government cannot be required to disclose evidence that it neither possesses nor controls"); *United States v. Weisz*, 718 F.2d 413, 436 (D.C. Cir. 1983) (noting that the "duty of disclosure attaches in some form once the [g]overnment has first gathered and taken possession of the evidence in question" (emphasis in original) (quoting *United States v. Brant*, 439 F.2d 642, 644 (D.C. Cir. 1971)); *see also United States v. Liddy*, 542 F.2d 76, 83 (D.C. Cir. 1976)

(declining to reach the question whether the Jencks Act or Brady principles reach "materials in the possession of Congressional Committees").

The Court should not continue the trial based on speculation about whether and when any such additional, likely irrelevant, information may become available. The events of January 6, 2021, occurred over two years ago, and the defendant was charged in September of that year, with the trial in this case set over 3 months ago, with over a dozen pretrial motions that have already been resolved in preparation for trial to proceed in less than a month. Put simply, the ends of justice are not served by any further delay in the resolution of this case.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court deny the Defendant's request for a continuance of this trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    /s/ Victoria A. Sheets
VICTORIA A. SHEETS
Assistant United States Attorney
NY Bar No. 5548623
601 D Street NW
District of Columbia, DC 20530
(202) 252-7566
victoria.sheets@usdoj.gov

MELANIE L. ALSWORTH
Ark. Bar No. 2002095
Trial Attorney
On detail to the USAO-DC
601 D Street, N.W.
Washington, DC 20530

5

(202) 598-2285
melanie.alsworth2@usdoj.gov

TIGHE R. BEACH
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
CO Bar No. 55328
(240) 278-4348
tighe.beach@usdoj.gov