UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 21-599 (RBW) |
| ) | |
| DONNIE DUANE WREN and THOMAS ) | |
| HARLEN SMITH, ) | |
| ) | |
| Defendants. ) | |

### ORDER

In accordance with the oral rulings issued by the Court at the pretrial conference held on April 7, 2023, via videoconference, and supplemented herein, it is hereby

**ORDERED** that the United States' Motion in Limine Regarding Cross-Examination of U.S. Secret Service Witness, ECF No. 53, is **GRANTED**. It is further

**ORDERED** that Defendant[ Wren]'s Motion for Bill of Particulars and Memorandum of Law, ECF No. 54, is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent it seeks a bill of particulars regarding the nature of the events, behavior, and actions upon which the government will rely to prove defendant Wren committed the offenses charged in Counts Eight, Nine, Thirteen, and Fourteen of the Second Superseding Indictment.[1] The motion is **DENIED** in all other respects. It is further

**ORDERED** that, on or before April 12, 2023, the government shall file a bill of particulars on the docket setting forth the evidence it intends to present in support of the offenses charged in Counts Eight, Nine, Thirteen, and Fourteen of the Second Superseding Indictment. It

---

[1] Although defendant Wren's motion was filed before the grand jury returned a Second Superseding Indictment on March 15, 2023, the count numbers in the Second Superseding Indictment remain the same as those in the Superseding Indictment. Compare Superseding Indictment at 5, 7–8, ECF No. 51, with Second Superseding Indictment at 4–5, 7, ECF No. 71.

is further

**ORDERED** that defendant Wren's Motion to Dismiss Counts 7, 8, 9 and 13 and 14 of the Indictment (Multiplicity), ECF No. 55, is **DENIED**. It is further

**ORDERED** that Defendant Wren's Motion to Dismiss Count 2 of the Indictment (Racist Statute), ECF No. 56, is **DENIED**.[2] It is further

**ORDERED** that defendant Smith's Motion in Limine to Exclude the Use of Pejorative Terms and to Preclude Any and All Photographs and Video Footage From the Capitol Prior to the Defendant's Arrival, ECF No. 57, is **GRANTED IN PART AND DENIED IN PART**. The

---

[2] Although the parties' oral arguments and the Court's oral rulings at the pretrial conference focused exclusively on defendant Wren's First Amendment challenges to Count Two, the Court also rejects defendant Wren's Commerce Clause challenge, as well as his Fifth Amendment, Sixth Amendment, and Rule 7(c) challenges to Count Two.

Regarding the Commerce Clause challenge, the Court agrees with other members of this Court who have upheld 18 U.S.C. § 231(a)(3) against Commerce Clause objections. See United States v. Mostofsky, 579 F. Supp. 3d 9, 20 (D.D.C. 2021) (concluding that § 231(a)(3) does not violate the Commerce Clause because it "contains a jurisdictional element that ensures a sufficient connection to interstate commerce in each application"); United States v. Grider, No. 21-cr-22 (CKK), 2022 WL 3016775, at *4 (D.D.C. July 29, 2022) (relying on Congress's plenary power over the District of Columbia set forth in Article I, Section 8, Clause 17 of the United States Constitution to conclude that the Court "need not reach [the d]efendant's Commerce[ ]Clause argument in order to conclude that Congress has the constitutional authority to regulate civil disorders within the District of Columbia").

With respect to defendant Wren's Rule 7(c), Fifth Amendment, and Sixth Amendment challenges, Rule 7(c) requires "a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). Additionally, the Supreme Court has recognized that an indictment is sufficient under the Fifth and Sixth Amendments if it "(1) contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend," and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974). Here, by adopting the language of the statute, Count Two properly sets forth every element of § 231(a)(3). Compare Second Superseding Indictment at 2, ECF No. 71, with 18 U.S.C. § 231(a)(3). Furthermore, Count Two fairly informs defendant Wren of the charge against which he must defend, see United States v. Haldeman, 559 F.2d 31, 123 (D.C. Cir. 1976) (recognizing that "appris[ing] the accused of the charges against him so that he may adequately prepare his defense" is a "central purpose[]" of the indictment), because it specifies that defendant Wren's "act" occurred during a civil disorder, defined by statute as "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C § 232(1). Also, Count Two contains a specific time, approximately 4:20 p.m., "a specific date, January 6, 2021," and "a location, the District of Columbia[,]" when and where the offense was allegedly committed. United States v. Sargent, No. 21-cr-258 (TFH), 2022 WL 1124817, at *4 (D.D.C. Apr. 14, 2022). Finally, the Second Superseding Indictment "enables [defendant Wren] to plead an acquittal or conviction in bar of future prosecution for the same offense," Hamling, 418 U.S. at 117, because Count Two states, "[o]n or about January 6, 2021, at approximately 4:20 p.m., within the District of Columbia, DONNIE DUANE WREN" and then largely mirrors the language of 18 U.S.C. § 231(a)(3), see Second Superseding Indictment at 2, ECF No. 71. See Haldeman, 559 F.2d at 124 n.262 (noting that "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crimes").

motion is **GRANTED** to the extent it seeks to exclude the use of any terms that are not "tied to specific conduct at issue in the trial." United States v. Gartmon, 146 F.3d 1015, 1024 (D.C. Cir. 1998). The motion is **DENIED** in all other respects.[3] It is further

**ORDERED** that the Motion to Sever Mr. Wren's Trial From That of His Co-Defendant, ECF No. 58, is **DENIED**. It is further

**ORDERED** that Defendant Donnie Wren's Motion In Limine (Inflammatory Words and Phrases), ECF No. 59, is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent it seeks to exclude the use of any terms that are not "tied to specific conduct at issue in the trial." Gartmon, 146 F.3d at 1024. The motion is **DENIED** in all other respects.[4] It is further

**ORDERED** that defendant Smith's Motion to Dismiss Counts 1 and 2, ECF No. 60, is **DENIED**.[5] It is further

**ORDERED** that defendant Smith's Motion to Dismiss Counts Ten, Eleven, and Twelve, ECF No. 61, is **DENIED**.[6] It is further

---

[3] The Court will not prohibit the government from using terms that are "an accurate description of the conduct at issue," provided that the terms are not "used as a generalized attack on [defendant Smith's] character, but as a description of the manner in which he" allegedly committed the offenses charged in this case. Id.

[4] The Court will not prohibit the government from using terms that are "an accurate description of the conduct at issue," provided that the terms are not "used as a generalized attack on [defendant Wren's] character, but as a description of the manner in which he" allegedly committed the offenses charged in this case. Id.

[5] As with Defendant Wren's Motion to Dismiss Count 2 of the Indictment (Racist Statute), ECF No. 56, the Court did not explicitly address defendant Smith's Rule 7(c), Fifth Amendment, and Sixth Amendment challenges to Counts One and Two of the Second Superseding Indictment at the pretrial conference. However, the Court's reasoning in footnote 2 of this Order with respect to defendant Wren's challenges to Count Two also applies to defendant Smith's challenges to Counts One and Two.

[6] The Court's ruling on this motion addresses both defendant Smith's argument that former Vice President Pence was not "temporarily visiting" the Capitol on January 6, 2021, and defendant Smith's argument that a "restricted building or grounds" must be established by the United States Secret Service. Although the Court's oral rulings did not explicitly address the latter argument, the Court agrees with other members of this Court that 18 U.S.C. § 1752 does not require that the "restricted building or grounds" be designated as such specifically by the Secret Service. See, e.g., United States v. Puma, 596 F. Supp. 3d 90, 109 (D.D.C. 2022) (collecting cases).

**ORDERED** that defendant Smith's Motion to Dismiss Count Three of the Superseding Indictment for Failure to State an Offense and Memorandum of Law in Support Thereof, ECF No. 66, is **DENIED**. It is further

**ORDERED** that the Defendants' Joint[ ]Motion for Change of V[en]ue or, in the Alternative, to Allow Expanded Examination of Prospective Jurors Before and During Voir Dire, ECF No. 67, is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent it requests that the parties be permitted to question jurors individually during voir dire.[7] The motion is **DENIED** in all other respects. It is further

**ORDERED** that Defendant Wren's Motion to Dismiss Counts 2 and 4, ECF No. 92, is **DENIED**.

**SO ORDERED** this 11th day of April, 2023.

REGGIE B. WALTON
United States District Judge

---

[7] Counsels' individual questioning shall be restricted to questions that track those questions the Court concluded will be submitted to the entire venire and to which the individual jurors indicated they have affirmative responses.